UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMERICAN SEMICONDUCTOR, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA ASSIGNMENTS LLC, a California limited liability company; DEVELOPMENT SPECIALISTS, INC., an Illinois corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 12-CV-06138-LHK<br><br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION |

Pursuant to Civil Local Rule 7-1(b), the Court deems ASI's Motion for Preliminary Injunction appropriate for resolution without a hearing and hereby VACATES the April 18, 2013 hearing on the motion. The parties' Case Management Conference will remain as set on April 18, 2013, at 1:30 p.m.

The Court has reviewed the record in this matter as well as the following motions:

(1) Plaintiff American Semiconductor, Inc.'s ("ASI") Motion for Preliminary Injunction filed on December 31, 2012, ECF No. 5, and Defendants California Assignments LLC's and Development Specialists, Inc.'s (collectively, "CAL/DSI") Opposition filed on March 28, 2013, ECF No. 41.

Case No.: 12-CV-06138-LHK
ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

(2) CAL/DSI's Motion to Dismiss filed on January 24, 2013, ECF No. 22; ASI's Response filed on February 22, 2013, ECF No. 29; and CAL/DSI's Reply filed on March 1, 2013, ECF No. 31.

(3) ASI's Motion for Partial Summary Judgment filed on February 22, 2013, ECF No. 30; CAL/DSI's Opposition filed on March 15, 2013, ECF No. 36; and ASI's Reply filed on April 2, 2013, ECF No. 44.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). The Court finds that ASI has met each of these requirements and will issue a more detailed order with its order on CAL/DSI's Motion to Dismiss and ASI's Motion for Partial Summary Judgment.

In its Motion for Preliminary Injunction, ASI claims that Cal/DSI unjustifiably refuse to release "nearly $1 million of tangible property, as well as intellectual property reflecting more than ten years of development." ASI Motion for Preliminary Injunction, ECF No. 5, at 3. CAL/DSI claims that ASI owes approximately $140,000, which ASI disputes. CAL/DSI Motion to Dismiss, ECF No. 22, at 5. In fact, CAL/DSI offered to settle this dispute for $50,000 - $75,000. CAL/DSI Opposition to Preliminary Injunction at 6. As a result of ASI's debt, CAL/DSI claims that it has a lien on ASI's property pursuant to California Civil Code Section 3051. CAL/DSI Motion to Dismiss, ECF No. 22, at 10-12. However, Section 3051 liens are limited by statute to "the compensation, if any, which is due" to the lienholder. *Id.* at 11. Similarly, if CAL/DSI had a foundry lien under Section 3051, such lien is limited by statute to "the balance due." *Id.* CAL/DSI Opposition to Preliminary Injunction, ECF No. 41, at 6. Although CAL/DSI disputes the value of the ASI property in CAL/DSI's possession (CAL/DSI Opposition to Partial Summary Judgment, ECF No. 36, at 5, 8), CAL/DSI acknowledges that it returned some of ASI's property valued at $154,098 to help ASI mitigate its damages from cancellation of ASI's customers' orders and that CAL/DSI still has possession of much more ASI property. Cal/DSI Opposition to Preliminary Injunction, ECF No. 41, at 6. Accordingly, even if CAL/DSI succeeds in claiming that it has a lien

on ASI's property (CAL/DSI Opposition to Preliminary Injunction, ECF No. 41, at 14-15), CAL/DSI cannot assert a lien covering all of ASI's property in CAL/DSI's possession.

Federal Rule of Civil Procedure 65(c) requires that the Court order ASI to provide security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." The amount of bond is within the court's discretion. *See Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005). The Court finds that a bond in the amount of $140,000 would adequately compensate CAL/DSI if it is found to have been wrongfully enjoined or restrained because that is the amount CAL/DSI claims that ASI owes. CAL/DSI Motion to Dismiss, ECF No. 22, at 5.

Throughout their briefing and stipulations, the parties reiterate their desire to resolve this dispute without litigation. The Court notes with approval that the parties appear to have resolved ASI's Motion for Expedited Discovery filed on December 31, 2012, ECF No. 6, which was terminated by Magistrate Judge Lloyd on January 17, 2013, ECF No. 21, through negotiation rather than litigation. Accordingly, the Court ORDERS the parties to meet and confer to attempt to resolve their dispute by April 10, 2013, and to include a settlement status report in their Joint Case Management Statement field on April 11, 2013.

IT IS HEREBY ORDERED that Plaintiff American Semiconductor, Inc.'s Motion for Preliminary Injunction is GRANTED pursuant to Federal Rule of Civil Procedure 65.

IT IS FURTHER ORDERED that this Preliminary Injunction shall restrain and enjoin Defendants California Assignments LLC and Development Specialists, Inc., and each of their agents, servants, employees and attorneys, and all those in active concert or participation with them (the "Enjoined Parties").

IT IS FURTHER ORDERED that this Preliminary Injunction is directed at Plaintiff's property being held at the fabrication plant located at 3901 North First Street in San Jose (the "San Jose Facility"), including:

   (a) Plaintiff's inventory of masks, also known as "reticles," located at the San Jose Facility (the "ASI Inventory"); and,

   (b) Plaintiff's intellectual property stored on certain equipment as of September 20, 2012, included "recipes" and "flows" stored on individual process tools, the Recipe

Case No.: 12-CV-06138-LHK
ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

Security System ("RSS") server, the "Fab 300" system, and the "Workstream" system at the San Jose Facility (the "ASI Intellectual Property").

IT IS FURTHER ORDERED that this Preliminary Injunction shall restrain and enjoin the Enjoined Parties, and each of them, pending trial, from:

(1) Selling, using, moving, concealing, transferring or otherwise disposing of any ASI Inventory or any ASI Intellectual Property in their possession, custody or control;

(2) Moving, transferring, disposing, concealing or otherwise disposing of any equipment or assets that contained any ASI Intellectual Property at any time; and,

(3) Interfering with Plaintiff's retrieval of ASI Inventory, ASI Intellectual Property and any other ASI property from the San Jose Facility at a mutually convenient time.

IT IS FURTHER ORDERED that as a condition of this Preliminary Injunction, ASI is ordered to post a bond in the amount of $140,000 to secure payment of any damages sustained by the Enjoined Parties if they are later found to have been wrongfully enjoined. This Order shall become effective upon posting of the bond.

**IT IS SO ORDERED.**

Dated: April 2, 2013

                                   *Lucy H. Koh*
                                 LUCY H. KOH
                                 United States District Judge